# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-23-GF-BMM |
| | CV 18-35-GF-BMM |
| Plaintiff/Respondent, | |
| | |
| vs. | **ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| LESLIE WAYNE ROUILLARD, JR., | |
| | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Leslie Wayne Rouillard's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Rouillard is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional

1

error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On March 17, 2017, a grand jury indicted Rouillard on one count of assault resulting in serious bodily injury, a violation of 18 U.S.C. § 113(a)(6) (Count 1), and one count of felony child abuse in violation of Mont. Code Ann. § 45-5-212(1) (Count 2). The Court possessed jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153(a) and (b). The Court appointed Assistant Federal Defender Evangelo Arvanetes to represent Rouillard. *See* Indictment (Doc. 1); Order (Doc. 10).

Te parties filed a plea agreement on June 22, 2017. Rouillard agreed to plead guilty to Count 2, felony child abuse, and the United States agreed to dismiss Count 1. *See* Plea Agreement (Doc. 26) at 2 ¶ 2. The parties agreed to recommend an advisory guideline range of four to ten months in prison. *See id*. at 6 ¶ 6 para. 2. Rouillard pled guilty in open court on July 11, 2017. *See* Minutes (Doc. 30).

At sentencing, the Court adopted the presentence report without change and accepted the plea agreement. Rouillard's advisory guideline range was 33 to 41 months. *See* Statement of Reasons (Doc. 45) at 1 §§ I, III. Rouillard was sentenced to serve 7 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 44) at 2-3.

Rouillard did not appeal. His conviction became final on November 3, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on February 6, 2018. *See* 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

### A. Claims Waived by Guilty Plea

### 1. Counsel's Failure to Meet Rouillard's Demands

Several of Rouillard's claims allege that was forced to plead guilty because counsel did not defend him properly. Rouillard avers that he asked his trial counsel to obtain all the contracts or compacts and laws he describes in his motion, *see* Rouillard Aff. (Doc. 47-1) at 1 ¶ 1; Mot. § 2255 (Doc. 47) at 4-5 ¶ A; to retain an expert witness for mitigation purposes, *see* Rouillard Aff. at 1 ¶ 2; Mot. § 2255 at 4-5 ¶ B; to object to "vague and discriminatory charges" under various laws he identifies, *see* Rouillard Aff. at 2 ¶ 4; Mot. § 2255 at 7-8 ¶ D; and to object to "shoddy and prejudicial investigations" by law enforcement authorities, *see* Rouillard Aff. at 3 ¶ 6; Mot. § 2255 at 10-11 ¶ F.

Rouillard states that he made all these requests in May 2017 and counsel "failed to comply," leaving him with "no other option but to plead guilty" in July. He also states that, if counsel had done any of these things, Rouillard "would not have plead guilty and would have elected to proceed to trial." *See, e.g.*, Rouillard Aff. at 1 ¶ 1; Mot. § 2255 at 10-11 ¶ F.

Rouillard made remarkably specific requests of counsel, knew they were not fulfilled, and pled guilty anyway. At the change of plea hearing, he was asked whether counsel had investigated the case to Rouillard's satisfaction and whether he was satisfied with counsel's representation. He responded positively to both questions. Either Rouillard was satisfied with counsel's advice despite knowing that counsel had not done what Rouillard asked him to do, or Rouillard wanted to accept the very favorable plea offer, or both. Rouillard knowingly, intelligently, and voluntarily waived these claims. All are denied. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

### 2. Double Jeopardy

Rouillard also avers that he asked counsel, in May 2017, to object to the dual sovereignty doctrine. *See* Rouillard Aff. at 2 ¶ 3; Mot. § 2255 at 6-7 ¶ C. A double jeopardy claim might or might not be waived by a guilty plea. *See, e.g.*, *Class v. United States*, __ U.S. __, 138 S. Ct. 798, 803-04 (2018); *United States v. Broce*, 488 U.S. 563, 574-76 (1989); *Menna v. New York*, 423 U.S. 61, 62 & n.2

4

(1975).

Waived or not, Rouillard fails to raise a colorable claim. He says he was arraigned in tribal court and suggests the federal case interfered with his "imminent subsequent punishment" in tribal court. *See* Mot. § 2255 at 7 ¶ C; *see also* Presentence Report ¶ 47. Punishment is not "imminent" to arraignment. Only an adjudication of guilt can authorize punishment. Jeopardy attaches when a jury is sworn, or, in the case of a bench trial, when the first witness is sworn. *See Serfass v. United States*, 420 U.S. 377, 388 (1975). When there is no trial and no sentence, it does not attach at all.

This claim is denied.

## B. Merits of Remaining Claims

### 1. Racial Discrimination

To the extent Rouillard claims federal prosecution of an "Indian person" is racially discriminatory, *see, e.g.*, Rouillard Aff. (Doc. 49-1) at 2 ¶ 4, he asserts a "right not to be haled into court at all." *See Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974). Such a claim cannot be waived, *see Class*, 138 S. Ct. at 803, but it lacks merit.

"[F]ederal regulation of Indian affairs is not based upon impermissible [racial] classifications. Rather, such regulation is rooted in the unique status of Indians as 'a separate people' with their own political institutions." *United States*

*v. Antelope*, 430 U.S. 641, 646 (1977).  Under the Major Crimes Act, defendants are "not subjected to federal criminal jurisdiction because they are of the Indian race but because they are enrolled members of [a federally recognized] Tribe."  *Id.*; *United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc); *see also* Offer of Proof (Doc. 29) at 5 ("Rouillard is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation.").  And Rouillard received "the same procedural benefits and privileges as all other persons within federal jurisdiction," subject to "the same body of law as any other individual, Indian or non-Indian, charged with [a federal crime] committed in a federal enclave." *Antelope*, 430 U.S. at 648; *see also, e.g.*, 18 U.S.C. §§ 7, 13, 1152.

To the extent Rouillard makes it, this claim is denied.

### 2. Fort Laramie Treaty

Rouillard repeatedly refers to "the 'bad men' clause of the 1868 Fort Laramie Treaty between U.S. and Sioux Indians."  *See, e.g.*, Mot. § 2255 at 5 ¶ A; *id.* at 10 ¶ F.  He does not say what he thinks the clause means.  For the sake of argument, the Court will assume Rouillard alleges that the treaty confers a "right not be haled into court at all."  *See Perry*, 417 U.S. at 30-31.  (Otherwise, this claim would be waived.)

The clause says:

> If bad men among the Indians shall commit a wrong or depredation
> upon the persons or property of any one, white, black, or Indian,

> subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws; and in case they willfully refuse to do so, the person injured shall be reimbursed for his loss from the annuities or other moneys due or to become due to them under this or other treaties made with the United States.

Treaty of Fort Laramie, April 29, 1868, art. I para. 2, 1868 WL 24284, 15 Stat. 635.

The Eighth Circuit Court of Appeals interpreted the clause in *United States v. Drapeau*, 414 F.3d 869 (8th Cir. 2005):

> The plain language of the treaty . . . does not create the sort of "notice" requirement that Drapeau envisions. The treaty does not say that the United States must give notice to an Indian tribe before the government may arrest and prosecute a tribal member who has violated the federal drug trafficking laws. Rather, the treaty imposes *an obligation on the tribe* to "deliver up the wrong-doer to the United States," upon proof and notice to the tribe.

*Id.* at 878 (emphasis in original).

Likewise, the plain language of the treaty does not limit the United States's authority to arrest and prosecute a tribal member who has violated other federal criminal laws. This claim is denied.

### 3. Conditions of Supervised Release

Rouillard contends that, "[o]n or about October 19, 2017," the date of sentencing, he asked counsel to object to certain conditions of supervised release. *See* Rouillard Aff. at 2-3 ¶ 5. He also says that he believed he had no other option

7

except to plead guilty due to counsel's failure to object.  *Id*. at 2 ¶ 5.  Rouillard entered his guilty plea three months before he asked counsel to object to the conditions.

Construing the first part of the claim to allege that counsel unreasonably failed to object to unconstitutional conditions, the claim lacks merit.  "[T]he reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests."  *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999).  "[S]tatus as a probationer subject to a search condition informs both sides of that balance." *United States v. Knights*, 534 U.S. 112, 119 (2001).  The balance differs for convicted persons under supervision from the balance for the general public.  *See Samson v. California*, 547 U.S. 843, 848-50, 857 (2006); *Knights*, 534 U.S. at 121-22.  The Fourth Amendment cases that Rouillard cites, *see* Mot. § 2255 at 9 (first bullet point), prove inapposite.  These cases do not address convicted persons under supervision.

The other cases Rouillard cites, such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718 (2016), *see* Mot. § 2255 at 9 (second bullet point), have no conceivable bearing on conditions of supervised release.  The one-line allegation that "[u]pon violation" of the

conditions Rouillard "is subject to sentencing based on his race and class of offender," *see id.*, is adequately addressed under "Racial Discrimination," above.

This claim is denied.

### C. Claim Against Warden at FCI Florence

Rouillard claims that Warden at FCI Florence in Colorado violated his rights. *See* Mot. § 2255 (Doc. 47), Rouillard Aff. at 3 ¶ 7. Filing a motion under 28 U.S.C. § 2255 is a challenge to the validity of a conviction and sentence, not the "manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). This claim is dismissed because this Court lacks jurisdiction to hear it.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rouillard's claims do not meet even the relatively low threshold required for a COA. He pleads himself out of court by alleging that he asked counsel to do specific things in May 2017, counsel did not do them, and he pled guilty in July. Claims based on those unfulfilled tasks are waived. His argument that any federal prosecution of a Native American is racial discrimination is contrary to decisions of the Supreme Court. The Fort Laramie Treaty of 1868 does not condition or negate the United States's authority to prosecute tribal members for federal crimes. Rouillard's challenge to the conditions of his supervised release assumes convicted persons under supervision have the same Fourth Amendment rights as everyone else. They do not.

Reasonable jurists would find no basis to disagree with the denial of these claims and no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held July 11, 2017, and the sentencing hearing, held October 19, 2017, are required to decide the issues presented by Rouillard.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Leslie Wayne Rouillard, Jr., at an address available from the United States Probation Office.

3. Rouillard's seventh claim for relief, *see* Mot. § 2255 (Doc. 47) at 11-12,

is DISMISSED.  All other claims are DENIED.

4.  Rouillard's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 47, 47-1) is DENIED.

5.  A certificate of appealability is DENIED.  The Clerk of Court shall immediately process the appeal if Rouillard files a Notice of Appeal.

6.  The Clerk of Court shall ensure that all pending motions in this case and in CV 18-35-GF-BMM are terminated and shall close the civil file by entering a judgment of dismissal as to the seventh claim and a judgment in favor of the United States and against Rouillard on all other claims.

DATED this 9th day of August, 2018.


Brian Morris
United States District Court Judge